Filed 8/28/24  P. v. Guzzardo CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087251 |
| Plaintiff and Respondent, | (Super. Ct. No. BF190650A) |
| v. | |
| ALEXANDER GUZZARDO, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Tiffany E. Organ-Bowles, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal from a final judgment of conviction following a jury trial that disposes of the issues between the parties.  (Pen. Code,[1] § 1237, subd. (a).)

## STATEMENT OF THE CASE

On October 23, 2023, the Kern County District Attorney alleged in an amended information that Guzzardo committed the crimes of felon in possession of a firearm (§ 29800, subd. (a)(1); count 1) and felon in possession of ammunition (§ 30305, subd.(a)(1); count 2).  The prosecution also alleged factors in aggravation for having numerous and increasingly serious convictions (Cal. Rules of Court,[2] rule 4.421(b)(2)), service of a prior prison term (rule 4.421(b)(3)), and that Guzzardo was on supervision when the crime was committed (rule 4.421(b)(4)).

On October 26, 2023, a jury found Guzzardo guilty on counts 1 and 2.  On the prosecution's motion, the trial court dismissed the prior prison term allegation.  The court found the remaining allegations proven as to counts 1 and 2.

On November 29, 2023, the trial court sentenced Guzzardo to serve 12 years and four months, consisting of eight months (one-third mid term) on each of counts 1 and 2, consecutive to eight months (one-third mid term) for second-degree burglary (count 1) in case No. BF171521A, three years for carrying a loaded firearm (count 4) in case No. BF168879A, eight months (one-third mid term) for receipt of stolen property (count 2) in case No. BF169244B, eight months (one-third mid term) for possession of a controlled substance (count 1) in case No. BF166973B, and six years for three two-year section 12022.1 on-bail enhancements in case No. BF171521A.[3]

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Subsequent references to rules are to the California Rules of Court.

[3] In case No. BF192147A, Guzzardo pled no contest to carrying a loaded and unregistered firearm (§ 29850, subd. (c)(6); count 2, a misdemeanor).  The court

On November 29, 2023, Guzzardo timely filed a notice of appeal.

## STATEMENT OF FACTS

### A. The Prosecution Evidence

On May 31, 2022, Guzzardo told Kern County Probation Department (KCPD) Deputy Probation Officer Jared Agerton that he lived part time with his girlfriend, Candace Villwock, in a house that he owned on East Moneta Avenue in Bakersfield. At about 12:00 noon on June 13, 2022, Officer Agerton participated in a probation search of the East Moneta Avenue residence. Guzzardo and Villwock told Agerton they lacked a key to the west bedroom that they shared. At Agerton's request, Villwock climbed through a window to open the bedroom door from the inside.

Officers found a safe in the west bedroom. Via an aperture in the safe, Agerton and KCPD Probation Supervisor Kyle Dock each saw that it contained a box of ammunition. Under *Miranda*,[4] Guzzardo told Agerton he did not own the safe or have a key to open it. Villwock said she did not have a key to open the safe. Guzzardo then said he kept nine-millimeter ammunition and a nine-millimeter Polymer P80 handgun with a green handle in the safe.

KCPD Supervisor Dock used a tool to pry open the safe, where officers found two boxes of nine-millimeter ammunition, a green Polymer P80 handgun frame and a handgun slide. The slide could fit into the frame to make an operational handgun. One box of ammunition contained 50 bullets and the second box contained nine bullets. The safe also contained Guzzardo's social security card, California identification card, and a Golden State Advantage EBT card. Guzzardo also admitted that he owned the gun and

---

sentenced Guzzardo to serve 364 days in county jail, concurrently with the 12-year, 4-month sentence imposed in the felony cases.

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

ammunition. Guzzardo has a prior felony conviction with the meaning of section 29800, subdivision (a)(1) and section 30305, subdivision (a)(1)

## B. The Defense Evidence

Villwock rented the house on East Moneta Avenue from Guzzardo. About two months prior to the probation search, she had assisted Guzzardo in preparing applications for Medi-Cal or food stamps. Guzzardo had left his social security card, California identification card, and a Golden State Advantage EBT card in the house and Villwock had secured those items in he safe that she kept in her bedroom closet. Guzzardo had no access to this safe or knowledge of its contents. Villwock used a key to open the safe because the batteries operating the keypad had failed.

About three weeks prior to the probation search, Villwock had acquired the Polymer P80 handgun and ammunition at issue from a seller she had located on Craiglist. Guzzardo did not know that she had acquired a gun or ammunition.

The evening prior to the probation search, Villwock had lost the key to the safe while visiting a friend. She called her friend multiple times during the probation search, seeking help locating her key.

During the probation search, Villwock told Officer Agerton that she owned the safe and that she refused permission to search it. After officers opened her safe and found her gun and ammunition, she told officers that she owned the gun and ammunition.

Mr. Guzzardo did not testify on his own behalf.

## C. Rebuttal Evidence

Before Supervisor Dock pried open the safe, Villwock told Officer Agerton that Guzzardo kept personal papers in the safe. When Agerton told Villwock that Dock had seen ammunition in the safe, Villwock claimed ownership of the ammunition and of a

firearm in the safe, but she described the firearm as a .22 caliber revolver, and she could not describe the color.

When defense investigator Tianna Schweer interviewed Villwock on November 9, 2022, Villwock described the firearm at issue as a .19-millimeter ghost Glock model handgun. She described the ammunition found in the safe as "target load" without further description. When Schweer interviewed Villwock on September 18, 2023, Villwock described the firearm as a Polymer firearm without further description.

## APPELLATE COURT REVIEW

Guzzardo's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Guzzardo was advised he could file his own brief with this court. By letter on June 24, 2024, we invited Guzzardo to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Guzzardo.

## DISPOSITION

The judgment is affirmed.

5.